# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| H5G LLC,<br><br>              Plaintiff,<br><br>v.<br><br>RAM GROUP INC.,<br><br>              Defendant. | Case No. 19-CV-982-JPS<br><br>**ORDER** |

        Plaintiff sells clothing manufactured by Defendant. In January 2010, Plaintiff contracted with Defendant to fulfill clothing orders made through Plaintiff's website. From 2010 to 2015, Todd Molbeck ("Molbeck"), Plaintiff's principal, communicated with David Brooks ("Brooks"), a representative of Defendant, regarding clothing patterns to be used in the manufacture of Plaintiff's clothes.

        Plaintiff alleges that Molbeck supplied most or all of the creative input in the making of those patterns, which the complaint predictably dubs the "Molbeck Creative Clothing Patterns." According to Plaintiff, Molbeck provided the artistic direction for the patterns, and he also supplied exemplary garments which he reverse engineered for inclusion into his own patterns. Plaintiff maintains that Brooks was no more than a scribe, taking down Molbeck's designs without adding any of his own artistic expression.

        The partnership between Plaintiff and Defendant broke down in 2015, and Defendant terminated their contact in September of that year. The parties now dispute who owns the clothing patterns which Molbeck and Brooks developed during their five-year relationship.

In 2018, Defendant sued Plaintiff in Wisconsin state court for breaching the parties' agreement. The contract provided that each party would not use or disclose the others' confidential information for a period of time after termination, and that each would retain ownership of their confidential information and intellectual property. Defendant claims that Plaintiff violated these provisions by contracting with other companies to manufacture its clothing, and in the process utilizing Defendant's confidential information.

In the state court action, Plaintiff attempted to counterclaim against Defendant, seeking a declaration that it was the sole author, or at least a joint author, of the disputed clothing patterns. The state court dismissed that counterclaim because it arose under copyright law, over which federal courts have exclusive jurisdiction. This suit followed.

Plaintiff brings two claims. First, it alleges that the Molbeck Creative Clothing Patterns were created by Molbeck, who then assigned his copyrights to Plaintiff. Plaintiff insists that the patterns include the design pattern files which Defendant now claims to own exclusively. Thus, Plaintiff seeks a declaration that it is a sole or joint author of the disputed clothing patterns. Second, Plaintiff asks for an additional declaration that Molbeck validly transferred his copyrights to Plaintiff.

Defendant has filed a motion to dismiss both of Plaintiff's claims. As to the first claim, Defendant contends that Plaintiff has not adequately identified the clothing patterns it claims to have authored. Other than describing them as the "Molbeck Creative Clothing Patterns," a term the parties did not use in the course of their business dealings, and generally limiting the scope of the claim to a five-year span, Plaintiff does nothing more to explain what patterns are at issue. Even if Plaintiff had specifically

identified the subject patterns, Defendant insists that Plaintiff must further describe Molbeck's creative contributions to each pattern, as contrasted with Brooks' additions.

Defendant asserts that Plaintiff's lack of specificity warrants dismissal of the first claim for two reasons. First, the claim does not rise to the level of plausibility, and thus fails to state a valid claim for relief. *UIRC-GSA Holdings Inc. v. William Blair & Co., L.L.C.*, 264 F. Supp. 3d 897, 901–03 (N.D. Ill. 2017) (dismissing claim asserting joint authorship on this ground because the plaintiff did not identify what they contributed to the joint work). Second, Plaintiff lacks standing to assert a claim for declaratory judgment because it fails to demonstrate that it faces an imminent threat of harm on the issue of authorship of the unspecified works. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126–27 (2007). Defendant asserts that it cannot determine whether the claim is limited to the patterns being contested in the state litigation, and thus subject to an actionable controversy, or whether the claim applies more broadly to other of Molbeck's clothing patterns which are not in dispute between these parties.

As to Plaintiff's second claim, Defendant argues that the lack of standing is even more apparent. Defendant is not disputing the validity of the transfer between Molbeck and Plaintiff. Finally, Defendant requests that the Court order Plaintiff to provide a more definite complaint under Fed. R. Civ. P. 12(e) to remedy the issues identified above. Defendant maintains that it should not be obligated to utilize the discovery process to obtain such basic information about Plaintiff's claims as "what do you claim to have authored?"

Plaintiff offers a number of arguments in defense of its complaint. Plaintiff contends that it has adequately pleaded a claim of authorship with

the minimal level of factual detail required by federal pleading standards. Fed. R. Civ. P. 8(a)(2) (To state a viable claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests.") (citation omitted). Plaintiff asserts that the disputed patterns are like photos from a photoshoot, in that the photographer could make a blanket claim of authorship to the whole photo set without individually identifying each photo. Plaintiff maintains that a better description of the "Molbeck Creative Clothing Patterns," and Molbeck's contribution to each such pattern, may be had in the discovery process. As to standing, Plaintiff notes that this Court has exclusive jurisdiction over the issue of authorship and, in light of Defendant's claim in the state suit, authorship is clearly a matter of controversy.

The Court believes a middle path between the parties' positions is appropriate. Plaintiff must begin by identifying each of the patterns which comprise the "Molbeck Creative Clothing Patterns." Surely Plaintiff knows precisely which designs form that set, as Molbeck himself is Plaintiff's principal. Put differently, Plaintiff could not possibly need to obtain more information during the rest of this litigation to enable it to better identify the disputed patterns. In sum, the Court finds that Plaintiff is trying to play "hide the peanut," at the expense of the Court's and the parties' time and resources.

Plaintiff is incorrect that its complaint is adequate as currently pleaded. It merely gestures at a group of patterns developed over five years, says "certain" patterns were developed "at various times," and notes that the patterns at issue in the state suit are "examples" of the Molbeck patterns.

(Docket #1 at 2–3). This does not give the reader proper notice of Plaintiff's authorship claim, as one cannot know precisely which patterns are having their authorship contested. In other words, Plaintiff is attempting to assert authorship to a set of creative works without telling Defendant what works comprise that set. This falls short of even the liberal notice pleading standards which apply in federal court.

Plaintiff's photoshoot analogy is similarly inapt. The analogy would work if, as in a photoshoot, the "Molbeck Creative Clothing Patterns" were developed at one point in time and comprised an easily identifiable set. But they do not. The patterns were created over a long period and Plaintiff does not seem eager to cabin the set of patterns, instead using vague language to leave the outer bounds of the set undetermined. Further, the parties' briefing suggests that the number of patterns would at most be in the hundreds, not thousands or more. Identifying them individually should not be unduly burdensome.

Defendant is not, however, entitled to a detailed explanation of Molbeck's contribution to each pattern, at least not in the complaint. Once Plaintiff identifies the disputed patterns, Defendant will have notice of the works whose authorship it must contest and can begin developing its case accordingly. A comprehensive description of Brooks' and Molbeck's contributions to each pattern is best left for the discovery process.

Once the complaint is amended, Plaintiff's standing will also be adequately pleaded. A comprehensive listing of the patterns will confirm whether Defendant contests authorship for each pattern, thereby ensuring the Court's jurisdiction to declare Plaintiff's authorship as to each pattern.

In light of the foregoing, the Court will grant Defendant's motion in part. The current complaint will be dismissed, and Plaintiff will be

permitted to file an amended complaint in accordance with the terms of this Order within fourteen days. The Court further instructs Plaintiff to omit its second claim from the amended complaint. Plaintiff made no attempt to defend the Court's jurisdiction to hear that claim in its response brief, conceding that the claim must be dismissed. *See generally* (Docket #16).

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (Docket #9) be and the same is hereby **GRANTED in part** and **DENIED in part**;

**IT IS FURTHER ORDERED** that Plaintiff's complaint (Docket #1) be and the same is hereby **DISMISSED**; and

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint in accordance with the terms of this Order on or before **October 21, 2019**.

Dated at Milwaukee, Wisconsin, this 7th day of October, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge